UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFERY A. GREER,

    Plaintiff,

    v.                                                   CAUSE NO.: 3:18-CV-272-PPS-MGG

ROBERT E. CARTER JR., et al.,

    Defendants.

OPINION AND ORDER

Jeffery A. Greer, a prisoner without a lawyer, filed a complaint against Commissioner Robert E. Carter, Jr., Warden Ron Neal, Dr. Joseph M. Thompson, Dr. Shannon Arnett, Lacey R. Gorske, and Wexford Health Sources, Inc. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Greer alleges that, when he first saw Dr. Thompson for dental pain and facial swelling, Dr. Thompon prescribed an antibiotic, and Nurse Gorske was present. On April 12, 2017, Greer was scheduled for dental cleaning, but when Dr. Thompson saw

Greer's dental infection, he sent Greer back to the cell house. The next day, Greer saw Dr. Arnett, who assessed that Greer needed to go to a hospital. However, due to Wexford policy, Dr. Arnett needed approval from Dr. Thompson, the head physician at the Indiana State Prison. Dr. Thompson denied the request on the basis that Greer could be treated at the prison, citing Wexford policy. Dr. Arnett insisted that Greer needed emergency treatment but sent Greer back to the cell house. On April 27, 2017, Greer fainted due to the pain caused by the dental infection, and he was sent to IU Health Methodist Hospital, where he received emergency dental treatment.

Greer alleges a claim of deliberate indifference to serious medical needs against all individual defendants. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Greer states a plausible claim of deliberate indifference against Dr. Thompson. However, Greer does not allege facts to suggest that Commissioner Carter or Warden Neal were personally involved or knew about his need for dental care. "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Further, Greer alleges that Nurse Gorske was simply present during a dental examination and that Dr. Arnett, who lacked the authority to send Greer to the hospital on her own, advocated on Greer's behalf to Dr. Thompson. These allegations do not describe deliberately indifferent conduct. Therefore, these defendants are dismissed.

Greer also alleges a claim of deliberate indifference against Wexford Health Sources for the policy or practice of limiting medical care to treatment at the correctional facility and refusing to send prisoners for outside treatment. A corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution

of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Greer states a plausible claim of deliberate indifference against Wexford Health.

For these reasons, the court:

(1) GRANTS Jeffery A. Greer leave to proceed on a claim against Dr. Joseph Thompson and Wexford Health Sources, Inc., for money damages for denying him adequate treatment for his dental infection in violation of the Eighth Amendment;

(2) DISMISSES Commissioner Robert E. Carter, Jr., Warden Ron Neal, Dr. Shannon Arnett, and Lacey R. Gorske;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Dr. Joseph Thompson and Wexford Health Sources, Inc., at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Joseph Thompson and Wexford Health Sources, Inc., respond, as provided by the Federal Rules of Civil

4

Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Jeffery A. Greer has been granted leave to proceed in this order.

SO ORDERED on June 13, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT